**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| JASON CHRISTOPHER GREENE, | ) | |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:10CV739 |
| | ) | 1:08CR433-1 |
| Respondent. | ) | |

Petitioner Jason Christopher Greene, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 28).[1] Petitioner was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), one count of possessing a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and one count of stealing a firearm in violation of 18 U.S.C. § 922(u) and 924(m) (docket no. 1). He pled guilty to the felon-in-possession charge (docket nos. 19, 20) and was sentenced to 208-months imprisonment (docket no. 26). Petitioner did not file a direct appeal, but he instead brought his motion under Section 2255. Respondent has filed a motion seeking to have Petitioner's motion dismissed for being untimely filed (docket no. 36). Petitioner has filed a response (docket no. 38) and the parties' motions are now before the court for decision.

## DISCUSSION

---

[1] This and all further cites to the record are to the criminal case.

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under Section 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. *Id.*; Fed. R. App. P. 4(b). Petitioner's judgment was entered on July 29, 2009, thus notice of appeal was due by August 13, 2009. His time to file his 2255 motion began to run on that date when no notice of appeal was filed. It then expired on August 13, 2010. Petitioner's 2255 motion is signed as having been mailed to the court on September 27, 2010, or

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

about a month and a half out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not appear to allege that he is relying upon any such right, although he does cite to recent Supreme Court case law in his supporting memorandum. To any extent that he may be seeking to rely on subsection (f)(3) to render his motion timely, he is not entitled to do so. As will be seen in more detail below in footnote 3, the recent precedent he cites does not impact his case. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and could have been known to him at the time his conviction became final. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

Petitioner acknowledges in his 2255 motion that it is untimely. Nevertheless, he asks that the court consider it anyway based on the concept of equitable tolling. The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner invokes the concept of equitable tolling, but he does not advance any basis for applying it under the standards just set out. Instead, he argues that an exception to the limitations period should be made because he is "actually innocent" of an armed career criminal enhancement that was applied at sentencing. Claims of actual innocence are often used to attempt to satisfy the "miscarriage of justice" exception to a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 315 (1995). In the context of a petition barred by AEDPA's statute of limitations, there is a significant question as to whether an "actual innocence" exception to the statute of limitations even exists. *Compare Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005) (recognizing an actual innocence exception) *with Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (actual innocence is not related to timeliness). If it does, the threshold for meeting that exception is extremely high. Petitioner would have to show factual innocence and not merely legal insufficiency. *Wright v. Angelone*, 151

F.3d 151, 158 n.2 (4th Cir. 1998). Also, Petitioner must produce "clear and convincing evidence" that he is innocent of the sentencing enhancement. *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir.), *cert. denied*, ___ U.S. ___, 131 S.Ct. 620 (2010).

Here, Petitioner contends that he is "actually innocent" of the sentencing enhancement that was applied to him because his prior convictions for breaking and entering do not qualify as "violent felonies" that would support the enhancement. This is not a claim of "actual innocence" as that term has been defined by the Fourth Circuit. To allege such a claim, Petitioner would have to show that he did not commit the breaking and entering offenses. *Id.* at 284 ("actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"). Petitioner makes no such claim in the present case. His claim of actual innocence fails and his motion is untimely.[3]

---

[3] In addition to basing his "actual innocence" argument on the classification of his breaking and entering convictions, Petitioner also raises a substantive claim based on the argument that his convictions were improperly classified. This would fail even if it were deemed timely. Breaking and entering convictions from North Carolina do qualify as predicate offenses for the armed career criminal enhancement. *United States v. Thompson*, 588 F.3d 197, 200-01 (4th Cir. 2009). Petitioner also contends that the recent case of *Carachuri-Rosendo v. Holder*, ___ U.S.___, 130 S.Ct. 2577 (2010) overruled prior Fourth Circuit precedent and would entitle him to relief. Be that as it may, that case did not overrule the prior precedent. *United States v. Simmons*, ___ F.3d ___, 2011 WL 546425 (4th Cir. Feb. 16, 2010). Petitioner's other substantive claim alleges that he was not given proper notice of the government's intent to apply the armed career criminal enhancement as required by 21 U.S.C. § 851. He is simply confused. Notice under that statute is required for a different enhancement under Section 851. It is not required for the armed career criminal enhancement. Petitioner's motion should be denied for this additional reason.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 36) be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence (docket no. 28) be **DISMISSED,** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
March 21, 2011